**AIDA ENGINEERING, INC., Plaintiff,**

v.

**RED STAG, INC., Defendant.**

**C.A. No. 85–C–210.**

United States District Court,
E.D. Wisconsin.

June 24, 1986.

Howard A. Pollack and Adrian N. Cohen, Charne, Glassner, Tehan, Clancy & Taitelman, S.C., Milwaukee, Wis., for plaintiff; Gerald L. Morel, Masuda, Funai, Eifert & Mitchell, Ltd., Chicago, Ill., of counsel.

Richard J. Carlson, Patterson, Jensen, Wylie, Silton & Seifert, S.C., Appleton, Wis., for defendant.

REYNOLDS, Chief Judge.

This diversity suit was originally one for declaratory judgment pursuant to 28 U.S.C. § 2201 to determine whether the defendant was a "dealer" in the plaintiff's products within the meaning of the Wisconsin Fair Dealership Law ("WFDL"), Wis.Stats. ¶ 135. Plaintiff Aida Engineering, Inc., ("Aida") filed the complaint on February 12, 1985. Defendant Red Stag, Inc., ("Red Stag") made a counterclaim which the Court ultimately construed to be for breach of contract. The Court heard oral argument on various motions in the case on September 27, 1985. On March 7, 1986, the Court granted summary judgment for Aida on its declaratory judgment claim but declined to dismiss Red Stag's counterclaim.

Aida moves the Court for an award of attorney's fees, expert's fees and costs so far incurred as a result of evidence fabricated apparently by Red Stag co-principal Paul Pfundtner. The fabricated evidence consisted of a form contract granting Pfundtner an Aida dealership. The contract bears Pfundtner's signature and a signature which appears to be that of Aida's then-president, Kimikazu Aida. At his April 10, 1985, deposition Pfundtner testified that he and Kimikazu Aida signed the contract on January 16, 1984, at a meeting at which only the two of them were present. Pfundtner also testified that no duplicate original or copy of the contract was made and that he, Pfundtner, took the contract with him when he left the meeting. Red Stag now concedes that Kimikazu Aida's signature on the contract was forged.

The Court finds that Red Stag co-principal Paul Pfundtner caused the introduction of fabricated evidence in this case, and that Red Stag is responsible for the acts of Paul Pfundtner in causing the introduction of such evidence.

The contract was an important part of Red Stag's defense to the declaratory judgment claim in this suit. Red Stag withdrew the contract from evidence the day the Court heard oral argument. By offering fabricated evidence Red Stag has shown contempt for this Court, harassed Aida and unnecessarily delayed and increased the cost of this litigation. The Court, therefore, pursuant to its equitable powers and pursuant to Fed.R.Civ.P. 11 and 26, will impose on Red Stag the costs incurred by Aida as a result of Red Stag's offering fabricated evidence in this case.

**ORDER**

IT IS THEREFORE ORDERED:

1. That defendant Red Stag, Inc., shall pay to plaintiff Aida, Engineering, Inc., the attorney's fees, expert's fees and other expenses so far incurred as a result of Red Stag's introduction of evidence fabricated by Red Stag co-principal Paul Pfundtner.

2. That plaintiff Aida Engineering, Inc., shall move the Court by July 11, 1986, for approval of a bill of expenses reasonably so incurred.